UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDIRIZAK ABDIYOW,

Plaintiff,

v.

CHRISTOPHER BECKER et al.,

Defendants.

Case No. 1:25-cv-1074

Hon. Hala Y. Jarbou

**OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by a person who, at the time of filing, was detained at the Kent County Correctional Facility awaiting his criminal trial. Plaintiff sues seven defendants. Each of them played some role in investigating, prosecuting, or presiding over Plaintiff's criminal proceedings.

This matter is now before the Court on several motions: Plaintiff's motion for joinder of claims (ECF No. 5), Defendant Christopher Becker's motion to dismiss for lack of jurisdiction (ECF No. 8), and the motion of the other defendants to dismiss for failure to state a claim (ECF No. 11). For the reasons set forth below, the Court will grant Defendants' motions to dismiss on the ground that Plaintiff has failed to state a claim upon which relief may be granted. The Court will deny Plaintiff's motion for joinder of claims as moot.

**Discussion**

## I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The

events about which he complains, however, occurred while he was detained at the Kent County Correctional Facility. Plaintiff sues Kent County Prosecuting Attorney Christopher Becker, 61st District Court Judge Kellen A. Dotson, who presided over Plaintiff's pretrial examination, and several Grand Rapids Police Department employees or former employees: Detectives Robert Zabriskie and Amanda Johnson; Officer Jericho Maring, former Sergeant Keith Hefner, and former Officer Rick Hebden..

Plaintiff's complaint alleges that Defendants violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights—as well as several of his rights under the Michigan Constitution of 1963—in their pursuit of his criminal prosecution. (Compl., ECF No. 1, PageID.5.) Plaintiff claims the prosecutor and the police "manipulated, lied and fabricated evidence." (*Id*. at PageID.6) Defendants "coerce[d] witnesses and . . . fabricated facts to make the case fit around [Plaintiff] even though no evidence was present showing [Plaintiff] committed a crime." (*Id*.) The crux of Plaintiff's complaint is that he was accused of and prosecuted for a crime based on false evidence.

Based on those facts, in addition to alleging the particular constitutional violations identified above, Plaintiff asserts the following claims: false arrest, false imprisonment, abuse of process, harassment, expectation of privacy, aid and abetting, malicious prosecution, vindictive prosecution, perjury, subornation of perjury, fraudulent concealment, defamation, civil conspiracy, negligence, fraudulent inducement, prosecutorial misconduct, police misconduct, malfeasance, nonfeasance, and larceny by false pretenses. (*Id*., PageID.7.) Plaintiff seeks relief in the form of compensatory, consequential, nominal, and punitive damages, jointly and severally from each defendant.

Plaintiff's trial ended on October 31, 2025. A Kent County Circuit Court jury convicted Plaintiff on all charges.[1] On February 19, 2026, the trial court ordered Plaintiff to serve a consecutive sentence string of 9 to 17 years. Plaintiff has appealed his judgment of sentence to the Michigan Court of Appeals.[2]

Between the date of Plaintiff's conviction and the imposition of sentence, Defendants filed their respective motions to dismiss. Defendant Becker based his motion on the *Younger* abstention doctrine. The police officers and judge also raised that doctrine as a basis for dismissal. In addition, they argued that Plaintiff's claims were barred by the *Heck* doctrine. Each doctrine is considered below.

## II. *Younger* Abstention

Because a jurisdictional grant represents a legislative determination that a class of disputes should be adjudicated by the court upon which the jurisdiction has been conferred, the federal courts have a "'virtually unflagging obligation' to decide cases within their jurisdiction." *Frost v. Nessel*, 712 F. Supp. 3d 1008, 1012 (W.D. Mich. 2024) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)), *aff'd*, No. 24-1132, 2025 WL 1136288 (6th Cir. Apr. 17, 2025), *cert. denied*, 146 S. Ct. 302 (2025). The limited exceptions to this obligation are grounded in traditional principles governing the relationship between courts of equity and courts of law, as well as the interests safeguarded by what the Supreme Court in *Younger v. Harris*

[1] *See* https://www.kentcountymi.gov/1036/Search-Court-Records (select Criminal Case Search, enter First Name "Abdirizak," Last Name "Abdiyow," and Year of Birth "2002," complete reCAPTCHA, select Search Criminal Cases, select Case Number 24-05860-FC) (last visited Aug. 19, 2026). It is well established that a court may take judicial notice of the proceedings of other courts, including their docket reports. *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020).

[2] *See* https://www.courts.michigan.gov/case-search/ (enter "Abdiyow," select the magnifying glass icon to search, select PEOPLE OF MI V ADIRIZAK JEYLANI ABDIYOW) (last visited Aug. 19, 2026).

denominated "Our Federalism." *Younger v. Harris*, 401 U.S. 37, 44 (1971). The scope of these exceptions has waxed and waned over the years, but the Court's most recent major pronouncement on *Younger* abstention cements a relatively narrow conception of the doctrine's force: federal courts must abstain from deciding a matter that would interfere with pending state criminal prosecutions, civil enforcement proceedings "akin to criminal prosecutions in important respects," or civil proceedings "uniquely in furtherance" of state judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (cleaned up). If one of those conditions are met, a federal court should also consider three additional factors when deciding if abstention is warranted: whether (1) state enforcement proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *See id.* at 81–82 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–35 (1982)). Since the state proceeding at issue here is a criminal prosecution, the Court proceeds to assessing whether the three *Middlesex* factors are met. *See Doe v. Univ. of Ky.*, 860 F.3d 365, 370 (6th Cir. 2017).

First, Plaintiff's complaint relates directly to his criminal case. Although judgment has been entered, proceedings continue in the Michigan Court of Appeals. Therefore, the proceedings are "ongoing" for purposes of applying the *Younger* abstention doctrine. *See, e.g., Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (noting that "when determining whether state court proceedings involving the plaintiffs are pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed. It remains pending until a litigant has exhausted his state appellate remedies." (citations omitted)).

Second, Plaintiff's criminal proceeding involves important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against

federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings.").

Third, the state court proceeding provides an adequate opportunity for Plaintiff to raise any constitutional challenges. "Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings, including appeals.

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: when (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). Plaintiff's complaint, however, is devoid of facts from which the Court could infer that any of these exceptions apply. Accordingly, the Court concludes that *Younger* dictates that the Court abstain from exercising jurisdiction over this action.

## III. *Heck* Doctrine

The habeas corpus statute offers relief to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Until the judgment of sentence is entered, however, relief under 28 U.S.C. § 2254 is not available. *See, e.g., Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence[;] . . . [t]he sentence is the judgment." (quoting

*Berman v. United States*, 302 U.S. 211, 212 (1937))); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (concluding that final judgment does not occur "until after conviction and the imposition of sentence").

Once the judgment of sentence is entered, when a prisoner challenges the fact or duration of his confinement based upon an allegedly invalid conviction or sentence, his sole remedy is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] § 1983.").

The Sixth Circuit Court of Appeals recently elaborated on when a prisoner must use habeas corpus under these authorities:

> A clear and consistent two-part rule emerges from this precedential backdrop. Prisoners can "use only habeas corpus" if "they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."

*Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)). Plaintiff does not explicitly seek release, but his arguments concerning Defendants' constitutional violations necessarily imply "the unlawfulness of the State's custody" over him. Thus, Plaintiff must pursue the relief he seeks in a habeas corpus petition.

Moreover, the Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction or sentence has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a

misconduct hearing). The *Edwards* Court relied upon *Heck*, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" overturned." *Edwards*, 520 U.S. at 646 (emphasis omitted) (citing *Heck*, 512 U.S. at 486–87). As the Supreme Court has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

Here, Plaintiff seeks monetary damages based on improprieties in his criminal trial that necessarily call into question the validity of his convictions and sentence. Under those circumstances, unless and until that judgment is invalidated, Plaintiff cannot obtain the relief he seeks. Therefore, Plaintiff has failed to state a § 1983 claim upon which relief may be granted,[3] and his § 1983 claims are properly dismissed.

**IV. Plaintiff's State Law Claims**

Plaintiff's state law claims consist of a listing of potential torts: false arrest, false imprisonment, abuse of process, harassment, expectation of privacy, aid and abetting, malicious prosecution, vindictive prosecution, perjury, subornation of perjury, fraudulent concealment, defamation, civil conspiracy, negligence, fraudulent inducement, prosecutorial misconduct, police

[3] A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *Kitchen*, 106 F.4th 525, 534 n.4 (6th Cir. 2024) ("Our court, following the Supreme Court's lead, has phrased *Heck* challenges in terms of whether a § 1983 claim is 'cognizable,' which likely implies that a *Heck* challenge more properly sounds in failure to state a claim . . . .").

misconduct, malfeasance, nonfeasance, and larceny by false pretenses. (Compl., ECF No. 1, PageID.7.)

The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint is properly dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's state law allegations are nothing more than labels and conclusions. He does not even provide a "threadbare recital of the elements" of the listed cases of action. In short, Plaintiff has failed to state any state law claim upon which relief may be granted.

## V. Motion to Join Claims

Plaintiff included in his complaint a request to join his claims to the claims of Abdinajib Abdi. Mr. Abdi filed a complaint that is virtually identical to Plaintiff's complaint. Complaint, *Abdi v. Becker*, No. 1:25-cv-1049 (W.D. Mich. filed Sep. 4, 2025). His claims were stayed under the *Younger* doctrine. *See Abdi v. Becker*, 2025 WL 3198681 (W.D. Mich. Nov. 17, 2025). Because Plaintiff's claims have been dismissed, his request to join them with Mr. Abdi's claims will be denied as moot.

## Conclusion

The Court will grant Defendants' motions to dismiss because Plaintiff has failed to state a claim upon which relief may be granted. The Court will deny Plaintiff's motion to join claims as moot.

A judgment consistent with this Opinion will be entered.

Dated: August 21, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE